# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1604
_____

Gelson Yanez Orellana

*Petitioner*

v.

Todd Blanche,[1] Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 11, 2026
Filed: July 23, 2026
[Unpublished]

_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.

_____

PER CURIAM.

Gelson Yanez Orellana, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his application for asylum and withholding of

_____

[1]Acting Attorney General Todd Blanche is automatically substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

removal. After careful review, and having jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

"We review the BIA's decision, as it is the final agency decision; however, to the extent that the BIA adopted the findings or the reasoning of the IJ, we also review the IJ's decision as part of the final agency action." Lemus-Coronado v. Garland, 58 F.4th 399, 402 (8th Cir. 2023) (citation omitted). "We review the BIA's legal determinations *de novo* and employ the deferential 'substantial evidence' standard when reviewing the BIA's factual determinations." Quijano-Duran v. Bondi, 172 F.4th 991, 994 (8th Cir. 2026) (citation omitted). Under this standard, we will "uphold[] the decision if it is supported by reasonable, substantial, and probative evidence based on the record as a whole." Calvo-Tino v. Garland, 107 F.4th 861, 865 (8th Cir. 2024) (citation omitted).

Yanez Orellana contends that the IJ erred in holding that he failed to demonstrate a well-founded fear of persecution on account of his membership in a cognizable particular social group, namely his familial relationship, and in finding that he failed to demonstrate that the Honduran government was unwilling or unable to protect him. The Government contends that Yanez Orellana's claims are unexhausted because the BIA properly invoked its waiver rule.

The BIA determined that Yanez Orellana "has not meaningfully challenged the Immigration Judge's determination that [he] did not establish membership in a cognizable particular social group or that his claim bears a nexus to an enumerated ground," and, therefore, those issues were deemed waived. Our review of the record confirms that, in the proceedings before the BIA, Yanez Orellana mentioned but did not develop the cognizable social group issue. Missing from Yanez Orellana's filings with the BIA is any argument or explanation as to why the determination of the IJ was in error or any argument in support of Yanez Orellana's position. The failure to meaningfully challenge the ALJ's findings constitutes a failure to exhaust. Frango v. Gonzales, 437 F.3d 726, 728 (8th Cir. 2006) ("Section 1252(d)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 requires a

petitioner, as a condition to judicial review, to have 'exhausted all administrative remedies available to the alien as of right.'" (citation omitted)); see also Santos-Zacaria v. Garland, 598 U.S. 411, 423 (2023) (explaining that the exhaustion requirement in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule); Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023) (enforcing exhaustion requirement when petitioner's counsel failed to present argument to BIA); Quijano-Duran v. Bondi, 172 F.4th 991, 995 (8th Cir. 2026) (stating that conclusory allegations are insufficient to preserve an issue for BIA review); Garcia-Moctezuma v. Sessions, 879 F.3d 863, 868 (8th Cir. 2018) ("Enforcing the doctrine of waiver is particularly appropriate here, where 'the administrative proceedings before both the Immigration Court and the BIA were adversarial, and [the petitioner] was represented by counsel.'" (citation omitted)); Amaya v. Garland, 15 F.4th 976, 986 (9th Cir. 2021) ("Neither [petitioner's] notice of appeal nor his attachment thereto made a clear, non-conclusory argument in support of his claim[, so w]e cannot say that the BIA ignored a clearly-identified due process argument.").

Because the failure to exhaust the cognizable social group issue is dispositive of his asylum claim, we decline to consider Yanez Orellana's claim that the Honduran government is unwilling or unable to protect him. See Baltti v. Sessions, 878 F.3d 240, 245 (8th Cir. 2017) (per curiam) (holding that petitioner's waiver of the of the nexus issue independently disposed of his asylum claim). Further, Because Yanez Orellana did not meet the standards for asylum, he necessarily cannot meet the more rigorous standard of proof for withholding of removal. See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019).

For the foregoing reasons, we deny the petition for review.

_____